Green J.
delivered the opinion of the court.
This is an appeal from the Chancery Court at Rogersville. Since the last term of this court, the parties entered into an agreement, dated 30th May, 1845, to submit to the final arbitrament, award, and decision of William Brazleton, John Lynn, Harman G. Lee, William Houston, George Branner, and Nelson A. Senter, all matters in controversy in this suit; the arbitrators to meet the first day of July at the Court House in Rogersville, or as soon thereafter as the arbitrators should agree upon, the award of the arbitrators to be final, and to be made the decree of the supreme court.
The arbitrators met, and entered upon the investigation of the matters in controversy, and on the 11th of July, 1845, signed and made known to the parties their award. On the next day, the 12th of July, the defendant, Nall, communicated to the arbitrators his act of revocation, dated the 11th July, and by which, he purports to annul all the authority which had been, vested in them by the articles of submission. The arbitrators have returned their award into this court, and the complainants ask that it may be made the decree of the court. This, the defendant resists, upon three grounds, viz: First, the submission of the matters in dispute, to arbitrators, without a rule of the court is a discontinuance of the cause in court. Second, the power of the arbitrators to act, was revoked by the defendant. Third, the court has no power to make the award its decree; but if it be binding on the parties, it can only be enforced by suit.
*30 1. In support of the first proposition, the defendant relies on the case of Jewell vs. Blankenship, (10, Yerg. R. 439,) in which this court holds, that “If parties having a suit in court, “ by their own voluntary act, submit the action, and cause of “ aetion to another tribunal, selected by themselves, and do “ not choose, by making their submission a rule of court, to “ continue its jurisdiction over the cause, and to subject the “ arbitrators and their action to the control of the court, the “ jurisdiction of the court has been determined by their own “ act, and the cause will be discontinued.” In support of this principle, the case of Green vs. Patcher, (13, Wend. R. 294,) is referred to. And the decision is supported by reason as well as by authority. If parties to a suit in court, by bond, submit the cause to the decision of arbitrators, without making any provision in the submission, to continue the jurisdiction of the court over the cause, such reference will work a discontinuance. But the case of Green vs. Patcher, referred to by this court, is a direct authority against the defendant in a case like the one before us. It is there held (p. 296,) that although “In all actions not referable under the statute, if “ the parties refer the cause to referees, by stipulation or rule, “ or both, and merely provide that the referees report,— “ such reference is an arbitration and operates as a discontinuance. — But if the stipulation of the parties provide, “ that a judgment shall be entered upon the report or award “ and judgment is entered accordingly, the parties are con- “ eluded by their own agreement.”
In Yeates vs. Russell, (17th, Johns. Rep. 461,) the submission provided for the entry of judgment upon the report of the referees, and a rule for judgment upon the report was entered. In this case the court held that it was a reference at common law, the case not being referable under the New York statute: — “but that the plaintiff in error could not be “ permitted to allege for error, a rule for reference and judg- “ ment on the report, where the reference and judgment were “ in pursuance of his own consent, in writing. ” So in the case of Caniss vs. Root, (18, Johns. R. 22,) the court refer particularly to the stipulation authorizing the entry of judgment and consider it equivalent to a plea of confession for that *31 amount. So in ex-parte Wright, (6, Con. R. 399,) a judgment was to be entered on the report; the cause was to be continued in court by the stipulation, and therefore, it could not operate as a discontinuance.
In the case now before us, there is an express stipulation for the continuance of the cause in court, and that the award shall be made the decree of the court. It does not, therefore, fall within the authority of the case of Jewell vs. Blankenship,—but upon the authority of the New York cases, above cited, the jurisdiction of the court still exists over the cause.
2. It is insisted this award cannot be made the judgment of the court, because the power of the arbitrators was revoked by the defendant.
It is very clear that every naked authority is revocable, and within this rule fall all submissions to arbitration.— Either party may, therefore, countermand the authority of an arbitrator at any time before an award is made. (Watson on Arb. and Awd. 16.) But in this case, the award was made, and published to the parties before any attempt was made to revoke the authority of the arbitrators. It is manifestly absurd to assume that an authority already exercised, can be countermanded. The attempt to revoke the submission in . this case, therefore, comes too late.
3. It is objected, that the court has no power to make this award its decree; — but that the plaintiff’s remedy to enforce .it, is by action only.
We think upon general principles, this court has power to carry into effect the agreement of the parties. Such has been its constant practice.
We have entered decrees according to the agreement of parties, made out of court — and a decree upon this award, is only carrying into effect the agreement of the parties in the case. In the case of Farrington vs. Hamblin, (12 Wend. R. 212,) the plaintiff brought suit on a contract for clearing land. After the cause was at issue, the parties entered into arbitration bond, reciting the pendency of the suit, and that they had agreed to refer, and submit the matter in controversy to the award of three individuals, naming them, chosen by *32 the parties; that the matters in difference should be submitted to the arbitrators upon the allegations and proofs of the parties under the pleadings in the cause, and that judgment should he rendered upon the award of the arbitrators, or of any two of them with costs, according to the rules and practice of the court. The arbitrators made an award in favor of the plaintiff for $37 00. The plaintiff filed the award and entered judgment thereon as on the report of referees, taxed his costs and had judgment signed and filed. The defendant moved to set aside the rule for judgment; but the court say: “ This clearly was not a reference under the statute. No “rule was entered referring the cause and appointing re- “ ferees. The arbitrators were not officers of the court, but “judges of the party’s own choosing. The court had no “control over them.” 1 Johns. 315, 492; 9 Cowen, 136; and but for the stipulation to enter judgment, the court would not entertain any motion in relation to the subject. But it may be said here, as it was said in Yeates vs. Russell, (17, Johns. R. 465,) the question is whether either party can be permitted to allege for error the entry of a rule for judgment, when that judgment is in pursuance of his own consent, in writing, and under seal. It was there held that the parties were concluded by their agreement and should not be permitted to allege that the reference and judgment were not war. ranted by law. The only difference between that case and this is, that there a rule was entered referring the cause, and here there was not. The submission authorized only the entry of the judgment upon the award. In that case, however, as in this, all depended upon the agreement of the parties.” The judgment being founded on the consent of the defendant was therefore held to be valid.
This case has been fully stated, because it is directly in point; — and establishes upon general principles, the power of a court to enter up judgment upon an award, made in a case pending in such court, although the submission be by arbitration bond, and not by a rule of court, — provided the submission contain a stipulation that the award shall be made the judgment of the court.
*33 It is unnecessary to enter into an investigation of the question, whether the statute of 9th and 10th William 3, ch. 15, entitled “An act for determining differences by arbitration,” is in force in this State. By inspecting the preamble of that Statute, it is rendered very probable that it was in the mind of the Legislature of. North Carolina, when the Act 1715, ch. 31, sec. 2. was passed; and if in force, it clearly authorizes the court to make this award its decree.
Let the decree be entered in conformity with the award in this case.